Charles J. Slack-Mendez, Arizona Bar 014894
Breann Elizabeth Slack, Arizona Bar 035996
**SLACK-MENDEZ LAW FIRM**
2710 South Rural Road
Tempe, Arizona 85282
Email: Charles@SlackMendez.com
         Breann@SlackMendez.com
Telephone: 480.829.1166
Facsimile:   480.829.4938
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Miguel Esparza and Liliana Martinez-Renteria, husband and wife, and on behalf of minors E.M.E.M and N.R.M; Zaida Yadira Esparza, on her behalf and on behalf of minor D.E., <br><br> Plaintiffs, <br><br> vs. <br><br> City of Nogales, a municipal entity; Andres Palafox, in his official and individual capacities; Manuel Castro, in his official and individual capacities; Frank Salcido, in his official and individual capacities; Jeremy Brinton, in his official and individual capacities, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> **(42 U.S.C. § 1983 Violations)** <br><br> (Jury Trial Demanded) |

        **COMES NOW** the Plaintiffs, Miguel Esparza, Liliana Martinez-Renteria,

Zaida Yadira Esparza (referred to as "Plaintiffs"), by and through counsel

undersigned, for their Complaint against the Defendants allege as follows:

                        **PARTIES, JURISDICTION, AND VENUE**

        1.      Plaintiffs bring this action pursuant to 42 USC § 1983, 1988 and the

First, Fourth, Eight, and Fourteenth Amendment to the United States Constitution.

        2.      Jurisdiction and venue are proper in the Court pursuant to 28 U.S.C.

§ 1331 and 1343.

**Slack-Mendez Law Firm**
2710 S. Rural Road
Tempe, AZ 85282

1

3.      The events at issue in this lawsuit occurred in the State of Arizona.

4.      Plaintiffs are, and were at all material times, residents of the State of Arizona.

5.      Plaintiffs Miguel Esparza (hereinafter referred to "Miguel") and Liliana Martinez-Renteria (hereinafter referred to "Liliana") are husband and wife. They are also parents of minors E.M.E.M and N.R.M.

6.      Plaintiff Zaida Yadira Esparza (hereinafter referred to "Zaida") is a single person, on her behalf and as parent of minor D.E.

7.      Defendant City of Nogales (hereinafter referred to as "Nogales") is a Municipality formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes.

8.      Defendant Nogales is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Nogales Police Department ("Nogales Police Department") and its officers and employees.

9.      At all times material to this Complaint, Defendant Andres Palafox (hereinafter referred to "Palafox") was resident of the State of Arizona.

10.     At all times material to this Complaint, Defendant Manuel Castro (hereinafter referred to "Castro") was resident of the State of Arizona.

11.     At all times material to this Complaint, Defendant Frank Salcido (hereinafter referred to "Salcido") was resident of the State of Arizona.

12.     At all times material to this Complaint, Defendant Jeremy Brinton (hereinafter referred to "Brinton") was resident of the State of Arizona.

13.     At all times material to this Complaint, Defendants Palafox, Castro, Salcido and Brinton were all agents and employees of Defendant Nogales and were acting within the course and scope of their employment with the Nogales Police Department. Defendants Palafox, Castro, Salcido and Brinton are sued both in their

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

Case 4:21-cv-00076-JCH   Document 1   Filed 02/18/21   Page 3 of 20

official and individual capacities for purposes of Plaintiffs' claims under 42 U.S.C. § 1983.

## **FACTUAL BACKGROUND**

14.    On March 12, 2020, Plaintiffs, Miguel Esparza, Liliana Martinez-Renteria, Zaida Yadira Esparza and family enjoyed most of the afternoon hosting a birthday celebration at their residence.

15.    Once the birthday festivities ended in the early evening, our Miguel went outside the residence to reposition his vehicle in accordance to who worked the earliest the following day to avoid blocking one another.

16.    Plaintiff Miguel had backed up his vehicle onto the street, while Zaida was inside the residence looking for her car keys.

17.    Plaintiff Liliana came outside and informed Plaintiffs Miguel that Zaida could not find the keys to her vehicle.

18.    Plaintiff Miguel grew frustrated waiting for Zaida to find her keys, so he proceeded to park his vehicle.

19.    Plaintiff Miguel exiting his vehicle and began walking back inside the home.

20.    Plaintiff Miguel did not commit a crime and there was no probable cause to suspect him of any illegal activity.

21.    While Miguel walked towards the kitchen door from the carport, Liliana observed a police car drive up near the residence and turn a white spotlight on.

22.    As the officer began walking toward the residence, the police car began moving forward as the gear stick was left in drive.

23.    After the officer shifted the vehicle to park, he exited his car, aggressively bumped into Liliana while running towards the residence.

24.    Defendants did not have a warrant to enter the residence.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

25. Without warning or permission, the Defendant Palafox opened the front door from the driveway leading into the kitchen and entered the home, as Plaintiff Miguel had already entered the home.

26. Upon entrance inside the residence, Plaintiff Miguel was suddenly pushed from behind by Defendant Andres Palafox, a Nogales Police Officer, striking his face when landed on the kitchen floor.

27. Though Miguel did not see Defendant Palafox prior to being thrown to the ground.

28. Liliana witnessed Defendant Palafox enter the house without permission and recorded the events on her cellular phone.

29. Plaintiff Miguel asked what was going on and why was he violently pushed inside him house. Plaintiff Miguel's question was constitutionally protected speech under the First Amendment.

30. Once Plaintiff Miguel was knocked to the ground, striking his head on the concrete floor, Defendant Palafox sat on Plaintiff Miguel.

31. Defendant Palafox requested backup and Defendants Castro, Salcido, and Brinton arrived.

32. Miguel was not aggressive or resisting arrest, as he laid on the ground visibly confused as he had no idea what was going on.

33. Inside the house witnessing the events were Plaintiffs Zaida, Liliana and the minors E.M.E.M, N.R.M. and D.E.

34. The unprovoked officers physically assaulted Plaintiff Miguel and began shouting commands for him to turn on his stomach.

35. Miguel, unable to physically comply with the Defendants' commands as he is still being sat on, confused with a possible concussion, is tased numerous times by Defendant Castro.

36. The effect of the taser can be reflected by the Plaintiffs and minor children as the pulsing electrodes can be heard while Miguel's body is vigorously pulsing uncontrollably.

**Slack-Mendez Law Firm**

2710 S. Rural Road
Tempe, AZ 85282

37.     Defendant Palafox then violently strikes Miguel repeatedly with a night stick.

38.     Plaintiffs Zaida, Liliana, and the minor children were screaming and crying out of fear as they witnessed Plaintiff Miguel being tased and beaten by the Defendants.

39.     Plaintiff Miguel's arms remained in front of him during the entire encounter, as in a defensive position trying to protect himself from the force being used by officers.

40.     None of the other assisting officers made any attempt or took any steps to intervene and protect Plaintiff Miguel against Defendants Palafox and Castro's excessive force, despite their duty to do so.

41.     Plaintiff Miguel did not resist or attempt to physically fight the officers.  Plaintiff Miguel did nothing but absorb the officers' violent blows.

42.     Plaintiff Miguel and Zaida were arrested and transported to jail.

43.     The horrifying events transpired in front of Plaintiff Miguel's wife, his sister Zaida and children, who were terrified, screaming, and traumatized by the officers' atrocious conduct.

44.     Following the attack and arrests of Plaintiff Miguel and Zaida, Defendants threatened Plaintiff Liliana with arrest if she did not provide them the password to her cellular phone, which she used to record the beating of Plaintiff Miguel.

45.     Defendants then unlocked her phone and deleted a recording of the incident which was in the process of being uploaded/sent to a family member.

46.     The Defendants did not arrest Plaintiff Liliana's because she provided the password to her phone, which was taken by the Defendants.

47.     Defendants wrongfully arrested and charged Plaintiffs Miguel and Zaida with Aggravated Assault on a Peace Officer, First Degree Hindering Prosecution, and Disorderly Conduct.

48.     Defendants also charged Plaintiff Liliana with Aggravated Assault on a Peace Officer, First Degree Hindering Prosecution, and Disorderly Conduct.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

1    49.    All charges against Plaintiffs Miguel, Liliana and Zaida were

2    dismissed given the lack of any basis to support the claims.

3    50.    As a result of the repeated assault by Defendants Palafox and Castro,

Plaintiff Miguel sustained various injuries, but was not provided any medical care

4    or treatment, and Defendants also failed to take photographs of the injuries despite

5    department policies to do so.

6    51.    Defendant Nogales's officers and agents, including Defendants

Palafox, Castro, Salcido and Brinton, failed to employ proper protocols and

7    training, and they failed use proper methods to execute an arrest. Further, there was

8    no probable cause to arrest Plaintiffs Miguel and Zaida.

9    52.    Defendants Castro maliciously and intentionally employed his taser

10   in a display of power and against Plaintiff Miguel in violation of basic policies and

procedures employed by reasonable officers.

11   53.    Defendants Palafox maliciously and intentionally employed his night

12   stick  in a display of power and against Plaintiff Miguel in violation of basic policies

13   and procedures employed by reasonable officers.

14   54.    Defendants Palafox, Castro, Salcido and Brinton used unlawful,

15   unnecessary, unreasonable, and excessive force, which resulted in life-altering

injuries to Plaintiff Miguel and his family.  The assault and battery of Plaintiff

16   Miguel was unlawful, unprovoked, unwarranted, unjustified, callous, depraved,

17   vicious, and evil. There was no reason for Defendants Palafox and Castro to torture

18   this vulnerable man.

19   55.    The acts and omissions of Defendants Palafox, Castro, Salcido and

20   Brinton alleged herein were taken on behalf of, for the benefit of, and as agents of

Defendant Nogales.  Also, such acts and omissions occurred in the course and scope

21   of the officers' employment with Defendant Nogales.  Upon information and belief,

22   the acts and omissions were either authorized by, were directed or caused by, or

23   were consistent with or performed pursuant to policies, practices, and customs of

24   Defendant Nogales. Therefore, Defendant Nogales is liable for all such acts and

omissions, as well as Plaintiffs' injuries and damages that result from such acts and omissions

56.     Defendants then maliciously charged Plaintiffs Miguel, Liliana and Zaida   with Aggravated Assault on a Peace Officer, First Degree Hindering Prosecution, and Disorderly Conduct.

57.     Defendants' wrongful conduct deprived Plaintiffs rights secured to them by the Constitution and the laws of the United States, including, among other things:

a. The right to be free from unreasonable search or unreasonable seizure;

b. The right to be free from the use of unreasonable, unjustified, and excessive force;

c. The right to be free from deprivation of life, liberty, or property without due process of law;

d. The right to be free from summary punishment; and

e. The right to familial association.

58.     Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiffs, and their damages are significant.   Plaintiff Miguel was physically and mentally tortured, which has resulted in lifelong and permanent injuries and scars.  As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs, individually and on behalf of the minor children, have sustained injuries and damages in an amount to be proven at trial.

59.     Defendants' acts and omissions were evil, malicious, and undertaken with the intent to harm Plaintiffs or with a reckless disregard of the substantial risk of serious harm, and Defendants acted with an evil mind. Therefore, Plaintiffs are entitled to punitive or exemplary damages.

60.     Plaintiffs later discovered, according to the police report, that Defendant Palafox was dispatched to 239 West Kolver Street Nogales, Arizona 85621 in reference to a vehicle with loud music in front of the residence.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

61.     There was no vehicle with loud music and there was no loud music when police arrived at the scene.

62.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs, including expert fees.

## COUNT I

### 42 U.S.C. § 1983 - Excessive Force in Violation of the

### Fourth, Eighth, and Fourteenth Amendments

### (Against Defendants Palafox, Castro, Salcido and Brinton)

63.     Plaintiffs re-allege and incorporate by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

64.     Plaintiff Miguel did not engage in any illegal activity and there was no probable cause to suspect him of any crime.

65.     Plaintiff Miguel did not pose a threat to the officers, did not resist the officers, or attempt to flee from the unlawful arrest.

66      The degree of force employed by Defendants Palafox and Castro against Plaintiff Miguel was not warranted.

67.     Defendants Palafox and Castro used excessive and extremely painful force against Plaintiff Miguel, even though he was not a threat, resisting, or trying to escape.

68.     Defendants Palafox and Castro utilized a significant level of force against a civilian who was not resisting, which constitutes a violation of his Fourth and Eighth Amendment rights.

69.     Defendants' conduct violated clearly established constitutional rights, which any reasonable person would have known such conduct would do so. Therefore, Defendants Palafox, Castro, Salcido and Brinton are not entitled to qualified immunity. 70.     Defendants Palafox, Castro, Salcido and Brinton's conduct and unconstitutional actions were the moving force of Plaintiffs' injuries and damages.

70.     The excessive force that was used on Plaintiff Miguel by Defendants Palafox and Castro was illegal, unprovoked, without justification, and lacked

**Slack-Mendez Law Firm**

2710 S. Rural Road
Tempe, AZ 85282

probable cause, and it further resulted in severe injuries and damages caused by negligence, gross negligence, reckless disregard and/or assault as set forth above, for which Defendants Palafox, Castro, Salcido and Brinton are jointly and severally liable.

71.     Defendants Palafox, Castro, Salcido and Brinton's unlawful treatment of Plaintiff Miguel, including repeated tasering and beating with a night stick of a restrained person violated the duties of care Defendants owed to the Plaintiffs and amounts to pure torture.

72.     As a direct and proximate result of wrongful acts and omissions of Defendants Palafox, Castro, Salcido and Brinton, Plaintiffs have suffered devastating injuries and emotional trauma.

73.     As an additional direct and proximate result of wrongful acts and omissions of Defendants Palafox, Castro, Salcido and Brinton, Plaintiff Liliana, Zaida  and minors E.M.E.M, N.R.M. and D.E. have sustained severe psychological damage as a result of this incident, which have manifested into physical symptoms.

74.     As a direct and proximate result of wrongful acts and omissions of Defendants Palafox, Castro, Salcido and Brinton, Plaintiffs are entitled to recover injuries and damages in an amount to be determined at trial.

75.     Defendants' unlawful and malicious acts deprived Plaintiff Miguel of his right to be free from excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

76.     Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Miguel.  Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff Miguel.  Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled to an award for punitive damages.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**COUNT II**

**42 U.S.C. § 1983 - Retaliation in Violation of the First Amendment**

**(Against Defendant Palafox Only)**

77.     Plaintiffs re-allege and incorporate by reference all claims, facts and allegations set forth in the paragraphs above, as if set forth fully herein.

78.     At all times material hereto, Defendant Palafox was acting under the color of law and within the course and scope of his employment with Defendant City of Nogales.

79.     Plaintiff Miguel, at all times relevant, had the clearly established right to be free from retaliation for his exercise of free speech.

80.     A minimally competent police officer or agent of Defendant Nogales knew or should have known about this clearly established right at the time of the conduct complained of herein.

81.     When Plaintiff Miguel asked Defendant Palafox what the basis for entering his house and assaulting him, he was exercising his constitutionally protected rights and such speech did not warrant a search of his property or unlawful police conduct.

82.     Plaintiff Miguel's exercise of his constitutional right was a significant moving factor to the excessive force employed by Defendant Palafox against Plaintiff Miguel.

83.     In response to Plaintiff Miguel's lawful speech, including speech as to the basis for entering his house and stating that he had done nothing wrong, Defendant Palafox retaliated and used excessive and unlawful force against Plaintiff Miguel, which caused, contributed to cause, and/or was the moving force of his injuries.

84.     Defendant Palafox had retaliatory animus toward Plaintiff Miguel's lawful speech, and he urged prosecution of Plaintiff Miguel despite the absence of probable cause.

85.     Defendant Palafox's retaliatory conduct in attacking, assaulting, and torturing a person, who simply asked for the basis for entering him home without

**Slack-Mendez Law Firm**

2710 S. Rural Road
Tempe, AZ 85282

reason and stating that he had done nothing wrong, would chill any reasonable person of ordinary firmness in their exercise of their First Amendment rights.

86.     Defendant Palafox's retaliation deprived Plaintiff Miguel of his clearly established First Amendment right to be free from retaliation for exercising such right. Therefore, Defendant Palafox is not entitled to qualified immunity.

87.     Based on the circumstances, Defendant Palafox's actions were not objectively reasonable and were intentional and/or grossly negligent.

88.     Defendant Palafox's wrongful acts and omissions amount to violations of Plaintiff Miguel's constitutional rights.

89.     As a direct and proximate result of the Defendant Palafox's unlawful and malicious acts, Plaintiff Miguel was deprived of his right to be free from retaliation against protected speech, in violation of the First Amendment of the Constitution of the United States.

90.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff Miguel has suffered devastating injuries and emotional trauma, and Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

91.     Defendant Palafox's conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or he acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of Plaintiffs. Defendant Palafox consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs.  Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled to an award for punitive damages.

**COUNT III**

**42 U.S.C. § 1983 – Wrongful Arrest in Violation of the**

**Fourth and Fourteenth Amendments**

**(Against Defendants Palafox, Castro, Salcido and Brinton)**

92.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

Slack-Mendez Law Firm
2710 S. Rural Road
Tempe, AZ 85282

93.     At all times material hereto, Defendants Palafox, Castro, Salcido and Brinton were acting under the color of law and within the course and scope of their employment.

94.     Plaintiff Miguel, at all relevant times, had the clearly established right to be free from wrongful arrest under the Fourth and Fourteenth Amendments.

95.     Plaintiff Miguel did not commit a crime and no probable cause existed to suspect him of any illegal activity.

96.     Defendants Palafox, Castro, Salcido and Brinton wrongfully and illegally detained, handcuffed, and arrested Plaintiffs Miguel and Zaida despite the lack of probable cause to do so.

97.     Defendants Palafox, Castro, Salcido and Brinton deprived Plaintiffs Miguel and Zaida of their Fourth Amendment rights to be secure in their person by arresting them.

98.     The arrest of Plaintiff Miguel was wrongful, unlawful, lacked probable cause, and deprived him of his clearly established constitutional rights to be free from unreasonable searches, seizures, and arrests. Therefore, Defendants Palafox, Castro, Salcido and Brinton are not entitled to qualified immunity.

99.     Defendants Palafox, Castro, Salcido and Brinton's conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiffs Miguel and Zaida.

100.    As a direct and proximate result of Defendants Palafox, Castro, Salcido and Brinton's wrongful acts and omissions, Plaintiffs Miguel and Zaida have been damaged in an amount to be proven at trial.

101.    Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiffs Miguel and Zaida. Defendants consciously pursued a course of conduct knowing

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

1  that it created a substantial risk of significant harm to Plaintiffs Miguel and Zaida.

2  Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled

3  to an award for punitive damages.

4

5  **COUNT IV**

6  **42 U.S.C. § 1983 – Malicious Prosecution in Violation of**

7  **the Fourth and Fourteenth Amendments**

   **(Against Defendants Palafox, Castro, Salcido and Brinton)**

8  102.   Plaintiffs re-allege and incorporate, by this reference, their claims,

9  facts, and allegations in the paragraphs above, as if set forth fully herein.

10  103.   At all times material hereto, Defendants Palafox, Castro, Salcido

11  and Brinton were acting under the color of law and within the course and scope of

12  their employment.

   104.   Plaintiffs Miguel, Liliana and Zaida, at all relevant times, had the

13  clearly established right to be free from malicious prosecution and the right to

14  familial association under the Fourth and Fourteenth Amendments.

15  105.   A minimally competent officer or agent of Defendant Nogales knew

16  or should have known of these clearly established rights at the time of the conduct

   complained of herein. Therefore, Defendants Palafox, Castro, Salcido and Brinton

17  are not entitled to qualified immunity.

18  106.   Defendants Palafox, Castro, Salcido and Brinton violated Plaintiffs

19  Miguel, Liliana and Zaida's Fourth and Fourteenth Amendment rights to be free

20  from malicious prosecution when they instituted charges and proceedings against

   Plaintiffs Miguel, Liliana and Zaida for Aggravated Assault on a Peace Officer,

21  First Degree Hindering Prosecution, and Disorderly Conduct, which resulted in

22  Plaintiffs Miguel, Liliana and Zaida's unlawful prosecution and imprisonment.

23  107.   Plaintiffs Miguel and Zaida were arrested and in custody as a result

24  of these charges.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

108.    As a result of Plaintiffs Miguel, Liliana and Zaida's wrongful and malicious prosecution, they were prevented from being an active and integral part of their children's lives and/or the imprisonment created an undue burden on his familial rights. The right of familial association may only be limited by a government agency when their interest in the matter outweighs the individual's fundamental right.

109.    As an additional result of the wrongful and malicious prosecution, Plaintiffs Miguel and Zaida lost employment opportunities and the ability to generate income.

110.    Defendants Palafox, Castro, Salcido and Brinton instituted baseless and fabricated charges and proceedings against Plaintiffs Miguel, Liliana and Zaida despite the lack of probable cause and in violation of Plaintiffs' constitutional rights.

111.    Defendants Palafox, Castro, Salcido and Brinton instituted charges and proceedings against Plaintiffs Miguel Liliana and Zaida primarily for a purpose other than bringing an offender to justice.

112.    The criminal proceedings terminated in Plaintiffs Miguel, Liliana and Zaida's favor, without compromise on their part.

113.    The prosecution of Plaintiffs Miguel, Liliana and Zaida were unlawful, wrongful, baseless, and deprived them of their clearly established right to be free from false and malicious prosecution.

114.    As a direct and proximate result of the aforementioned unlawful and malicious acts of Defendants Palafox, Castro, Salcido and Brinton, Plaintiffs Miguel, Liliana and Zaida were deprived of their right to be free from malicious prosecution, in violation of Plaintiffs' constitutional rights.

115.    As a direct and proximate result of Defendants Palafox, Castro, Salcido and Brinton's acts and omissions, Plaintiffs have been damaged in an amount to be proven at trial.

116.    Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve

their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiffs Miguel, Liliana and Zaida. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs Miguel, Liliana and Zaida.  Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled to an award for punitive damages.

## COUNT V

### Civil Rights Violations - 42 U.S.C. § 1983

### (Against Defendants Palafox, Castro, Salcido and Brinton)

117.    Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

118.    As parents, Plaintiffs have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of the parent/child relationship without governmental interference, and interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983.

119.    The First Amendment protects relationships, including family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.

120.    Defendants Palafox, Castro, Salcido and Brinton had ample time to correct their obviously wrongful assault, detention, and arrest of Plaintiff Miguel and Zaida in front of Plaintiffs Miguel, Liliana and Zaida's minor children E.M.E.M, N.R.M. and D.E., but nonetheless failed to do so.

121.    Defendants Palafox, Castro, Salcido and Brinton acted with deliberate indifference in violation of the due process right to familial association.

122.    Defendants Palafox, Castro, Salcido and Brinton's wrongful acts and omissions, including the excessive use of force and torture against Plaintiff Miguel, shock the conscience of legitimate law enforcement objections.

15

**Slack-Mendez Law Firm**

2710 S. Rural Road
Tempe, AZ 85282

123.    Defendants' wrongful acts and omissions constitute violations of the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and Plaintiffs have been deprived of their constitutional rights, including the familial companionship between parents and children.

124.    Defendants' wrongful acts and omissions amount to pure torture, which was witnessed by Plaintiff Liliana (Miguel's wife), Zaida (Miguel's sister) and their children, who were terrified, screaming, and traumatized as a result of the officers' atrocious conduct.

125.    Plaintiffs Liliana, Zaida and minors E.M.E.M, N.R.M. and D.E watched helplessly while their husband, brother and father was repeatedly tortured and arrested, and were without their enjoyment of their familial companionship due to Defendants' incarceration of Plaintiffs Miguel and Zaida.

126.    Through their acts and omissions, Defendants wrongfully and intentionally interfered with Plaintiffs' companionship and society of their parent/child relationship without due process of law.

127.    Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiffs, and their damages are significant.  As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs, including their minor children, have sustained injuries and damages in an amount to be proven at trial.

128.    Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others, including Plaintiffs. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm or death to others, including Plaintiffs. Therefore, Plaintiffs request an award for punitive damages.

## COUNT VI
### 42 U.S.C. § 1983 – Municipal Liability
### (Against Defendant City of Glendale)

16

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

129.    Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

130.    A municipality, such as Defendant Nogales, may be held liable under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.

131.    In addition, under the doctrine of ratification, a municipality, such as Defendant Nogales, may also be liable for the acts of an employee who is not a final decisionmaker, so long as an actual final decisionmaker demonstrates that authority to make the decision lay with the subordinate by approving the subordinate's decision and the basis for it.

132.    Further, a municipality, such as Defendant Nogales, may be liable under § 1983 for failing to train employees when the failure both can be traced to the injury suffered by a plaintiff and amounts to deliberate indifference to the rights of persons with whom the police come into contact.

133.    At all times relevant, Defendant Nogales' officers, including Defendants Palafox, Castro, Salcido and Brinton, were acting under the direction and control of the City of Nogales, which acted by and through its agents and employees who were responsible for making the policies of the Nogales Police Department, its officers, and operations. The individual Defendants of the Nogales Police Department were acting pursuant to official policy or the practice, custom, or usage of the Police Department, a final decision by a policy maker, or as a result of deliberate indifference toward training or supervision.

134.    Plaintiffs were deprived of their constitutional rights by Defendant Glendale and its employees, including Defendants Palafox, Castro, Salcido and Brinton, who acting under color of law at all times relevant herein.

135.    Defendant Nogales has customs or policies which amount to a deliberate indifference to Plaintiffs' constitutional rights.

136.    Defendant Nogales' policies are the moving force behind the constitutional violations.

137.    In addition, under a ratification theory, Defendant Nogales delegated authority to Defendants Palafox, Castro, Salcido and Brinton to engage in unlawful arrests and the use of illegal and excessive force, and Defendant Nogales' final policymakers' endorsement of the decisions and actions of Defendants Palafox, Castro, Salcido and Brinton to engage in unlawful arrests and the use of excessive force confirms clear that the policy was in effect at the time of the incident and was the moving force for Defendants' unconstitutional acts.

138.    At all times relevant, the City of Nogales had policies, customs, and/or patterns and practices of failing to properly discipline, train, and supervise its police officers, including the individual Defendants named in this Complaint, in the proper use force, probable cause, search warrants and the execution of arrests.  The City of Nogales failed to ensure its police officers could and would conduct themselves in a manner to avoid violating the constitutional rights of the inhabitants of Defendant Nogales.

139.    The final policymakers of the City of Nogales had actual or constructive knowledge of these unconstitutional practices, yet failed to take any reasonable or adequate steps to remedy them.

140.    Defendant Nogales is also liable under § 1983 for failing to train employees and such failure can be traced to the injuries suffered by Plaintiffs and amounts to deliberate indifference to the rights of Plaintiffs, with whom Defendant Nogales' officers come into contact.

141.    Defendant Nogales was aware of the inadequate training and aware of a high probability of harm if the government failed to act and properly train its employees.

142.    Acting under the color of law, by and through the policy makers of Defendant Nogales and pursuant to official policy, customs, and/or patterns and practices, Defendant Nogales intentionally, knowingly, recklessly, and/or with deliberate indifference to the rights of the inhabitants of Defendant Nogales failed to instruct, supervise, control, and/or monitor its police officers.

Slack-Mendez Law Firm

2710 S. Rural Road
Tempe, AZ 85282

143.    These policies, customs, and/or patterns and practices led the individual Defendants to believe that misconduct and abuse of constitutional rights would be tolerated and not be subject to any meaningful reprimand or punishment.

144.    This pattern made it foreseeable that officers with the Nogales Police Department, including the individual Defendants, could and would violate a given person's constitutional rights, in precisely the manner Plaintiffs' rights were violated, and Defendant Nogales, through its final policy makers, was deliberately indifferent to this risk.  Had Defendant Nogales diligently exercised its duties to instruct, supervise, control, and discipline, on a continuing basis, it could have prevented or could have aided in preventing the commission of said wrongs and intentionally, knowingly, and with deliberate indifference to the inhabitants of Defendant Nogales refused to do so.

145.    As a result of Defendant Nogales' failure to supervise, discipline, and train the officers with the Nogales Police Department, as well as its ratification of the wrongful acts, Plaintiffs suffered, and continue to suffer, physical, emotional, and pecuniary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages and for judgment against Defendants as follows:

A.    General and compensatory damages in an amount to be proved at trial;

B.    For taxable costs and pre and post judgment interest to the extent permitted by law;

C.    Punitive damages in an amount deemed just and reasonable as permitted by law against Defendants Palafox, Castro, Salcido and Brinton;

D.    For costs and attorneys' fees against Defendants under the Constitution and laws of the United States, including 42 U.S.C. § 1988;

1    E.    Such other and further relief which may seem just and reasonable

2 under the circumstances.

### JURY DEMAND

Plaintiffs respectfully request a trial by jury on all issues in this matter triable to a jury.

DATED this 18th day of February, 2021.


                                        **SLACK-MÉNDEZ LAW FIRM**

                                        */s/Charles J. Slack-Mendez*
                                        Charles Slack-Mendez
                                        SLACK-MENDEZ LAW FIRM
                                        2710 South Rural Road
                                        Tempe, Arizona 85282
                                        Attorney for Plaintiffs

                                        */s/Breann Elizabeth Slack*
                                        Breann Elizabeth Slack
                                        SLACK-MENDEZ LAW FIRM
                                        2710 South Rural Road
                                        Tempe, Arizona 85282
                                        Attorney for Plaintiffs

**Slack-Mendez Law Firm**
2710 S. Rural Road
Tempe, AZ 85282